ZINTER, Justice (concurring specially). [¶58.] I join the Court’s opinion. I write to emphasize that this case was not tried on the numerous, new theories raised by the dissent. It was not tried on the theory that as a matter of law, landowners were barred from recovery in inverse condemnation because they failed to produce evidence showing that the precise damage to their homes in 2010 was foreseeable in 1949 as a result of the State’s construction of Highway 11. It was also not tried on: • the theory that landowners were not entitled to sue because the right to damage their properties was within the scope of an assumed 1949 taking; • the theory that the right to compensation for the flooding in 2010 belongs only to the landowners who owned the properties in 1949 and not the plaintiffs; • the theory that the State was acquiring a flooding easement; and • the novel theory that under the law of contribution and indemnity, a plaintiffs recovery must be directly offset by any settlement received from code-fendants, including codefendants that have not been determined to be liable. Although some of these theories present interesting questions for a future case, they were not the issues upon which this case was tried. And because, with the exception of the easement issue, these specific theories were also not briefed on appeal,[14] the Court correctly declines to now try them in this appeal. [1159.] This was an extremely complicated-and highly technical case. It was tried on contested facts ^ with many experts opining on the cause of the flooding and-the defendants’ roles in causing it. But those were factual matters, and there was substantial conflicting testimony on both sides of the issues. The case was fairly tried, and the circuit court and jury were within their authority to have adopted either view. .There was certainly no reversible error in the circuit court’s failure to enter findings of fact and conclusions of law on theories it was never asked to consider. . On appeal, the State argues there was no proximate cause because (1) landowners’ weather expert testimony should have been disregarded, (2) the State’s weather expert was more credible, (3) runoff from urbanization in the city contributed to the flood, (f) the State’s design of the highway was reasonable and in compliance with engineering standards, (5) the intensity of the rain was a rare event that was a supervising cause, and (6) the flooding was caused by a combination of (3) and (5).